UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRIN LINGLE, MATTHEW WAGNER and GEORGE YAKOBIAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HITACHI HOME ELECTRONICS (AMERICA), INC., HITACHI AMERICA, LTD., and HITACHI LTD.,<br><br>Defendants. | CASE NO. 08 CV 1746 DMS (NLS)<br><br>The Honorable Dana M. Sabraw<br>Magistrate Judge Nita Stormes<br><br>[~~PROPOSED~~] **ORDER ON CONSENT CONSOLIDATING ACTIONS AND APPROVING SELECTION OF LIAISON COUNSEL AND PLAINTIFFS' EXECUTIVE COUNSEL COMMITTEE** |
| CRYSTAL MARKEE and STAN GOR, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HITACHI HOME ELECTRONICS (AMERICA), INC., HITACHI AMERICA, LTD., and HITACHI LTD.,<br><br>Defendants. | CASE NO. 08 CV 2314 DMS (NLS) |

Having considered the Joint Motion re Consolidating Actions and Approving Selection of Liaison Counsel and Plaintiffs' Executive Counsel Committee, and good cause appearing therefor,

**IT IS HEREBY ORDERED AS FOLLOWS:**

I.  Consolidation

   A.  The above-captioned actions (the "Actions") are hereby consolidated into one action (hereinafter, the "Consolidated Action") for all pre-trial purposes, pursuant to Federal Rule of Civil Procedure 42. This Order does not constitute a determination that these actions should be consolidated for trial, nor does it have the effect of making any entity a party to an action in which it has not been joined and served in accordance with the Federal Rules of Civil Procedure.

   B.  The Court and parties consent to the transfer of Related Actions, as that term is defined in Section IV, to this Court pursuant to Local Rule 40.1.

   C.  Subject to the denial of any request to consolidate pursuant to Section IV, this Order (the "Order") shall apply to the Consolidated Action and Related Actions.

II.  Master Docket and Master Files

   A.  A Master File is hereby established for the Consolidated Action. The Master File shall be 08cv1746. The Clerk shall file all pleadings in the Master File and note such filings on a Master Docket.

   B.  An original of this Order shall be filed by the Clerk in the Master File.

   C.  The Clerk shall cause a copy of this Order to be served upon all counsel of record in the Consolidated Action.

   D.  Except where indicated to the contrary below (or at the time of consolidation), the pleadings previously served and filed in *Lingle, et al. v. Hitachi Home Electronics (America), Inc., et al.*, shall serve as the pleadings in the Consolidated Action.

(1) The answer filed in *Markee, et al. v. Hitachi Home Electronics (America), Inc., et al.*, on February 24, 2009, is hereby voided *nunc pro tunc*. Defendants shall not be required to respond separately to the Complaints filed in the *Markee* action or in any Related Action subsequently consolidated.

(2) This Order, and the consolidation effectuated thereby, shall have no affect on the date of commencement of the Actions (or any Related Action which is consolidated in the future) for any purpose, including any applicable statute of limitation or other defense (e.g., no relation back by virtue of this Order).

E. Any motion papers, discovery devices or proceedings, and Orders previously served or entered, whether by a party or by the Court, shall be deemed to have been made in the Consolidated Action.

III. Caption of the Case

A. Every pleading filed in the Consolidated Action shall have the following caption:

| | |
|---|---|
| IN RE HITACHI TELEVISION OPTICAL BLOCK CASES<br><br>This Document Relates To: | Master File No. 08cv1746 DMS NLS |

B. When a pleading is intended to be applicable to all actions to which this Order is applicable, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption set out above. When a pleading is intended to be applicable only to some, but not all, of such actions, the separate captions and docket number for each action to

which the pleading is intended to be applicable shall appear immediately after or below the words "This Document Relates To:" in the caption described above.

IV. <u>Newly-Filed or Transferred Actions</u>

A. This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of the Consolidated Action.

B. Any proposed class action, filed in any United States District Court, against one or more of the defendants, alleging a defect in the optical block of Hitachi-brand LCD Rear Projection televisions shall be deemed a "Related Action." Each Related Action which is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party objects to consolidation, or any provision of this Order, as provided for herein, by filing an application for relief which is granted. Nothing in the foregoing shall be construed as a waiver of the defendants' right to object to consolidation of any subsequently-filed or transferred Related Action.

C. Any party may request transfer and/or consolidation of any other matter through any means authorized by the Federal Rules of Civil Procedure and/or Local Rules.

D. When a new case is consolidated with the Consolidated Action, the Clerk of this Court shall:

(1) File a copy of this Order in the separate file for such action;

(2) Serve a copy of this Order on the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

(3) Make the appropriate entry in the Master Docket for the Consolidated Action.

V. <u>Organization of Plaintiffs' Counsel and Appointment of Plaintiffs' Counsel Executive Committee, Chair, and Liaison Counsel</u>

A. The organizational structure of plaintiffs' counsel established in this Order shall bind all counsel in the Consolidated Action appearing on behalf of the plaintiffs, including any additional actions subsequently governed by this Order.

B. The firms of Lax LLP, Milberg LLP, and Lange & Koncius, LLP, are hereby appointed to function as the Plaintiffs' Counsel Executive Committee (the "Executive Committee"). The Co-Chairs of the Executive Committee (the "Chairs") shall be Lax LLP and Milberg LLP. The Liaison Counsel of the Executive Committee shall be Lange & Koncius, LLP.

C. With the approval of the Court, the Chairs and Liaison Counsel shall assume and exercise the following powers and responsibilities over the following matters on behalf of all plaintiffs in the Consolidated Action:

(1) directing, coordinating, and supervising the prosecution of plaintiffs' claims in the Consolidated Action;

(2) retaining experts;

(3) communicating with the Court;

(4) communicating with defense counsel;

(5) conducting settlement negotiations;

(6) collecting and reviewing time and expense records from all plaintiffs' counsel;

(7) maintaining communication and promoting efficient and harmonious dealings among all plaintiffs' counsel; and

(8) coordinating activities to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers and discovery practice, and, generally, in the litigation.

D. No motion shall be initiated or filed or discovery conducted or any other case activity taken on behalf of any plaintiff in the Consolidated Action except through the Chairs and Liaison Counsel.

E. All plaintiffs' counsel shall keep contemporaneous time and expense records and shall provide such records upon request to the Chairs and Liaison Counsel.

F. The Chairs and Liaison Counsel are appointed interim co-lead counsel and interim liaison counsel in the Consolidated Action.

G. With respect to Consolidated Action matters, defendants' counsel may rely upon all agreements with the Chairs or Liaison Counsel or any of them.

H. Counsel in any action that is consolidated with the Consolidated Action shall be bound by this organizational structure.

VI. Service of Pleadings and other Parties by Defendants

A. Service by the defendants on plaintiffs of any papers shall be deemed to be complete for all purposes when electronically filed pursuant to the ECF system. Counsel who wish to receive service copies shall register for such service. If any document is to be served outside the ECF system, service shall be complete upon service upon Liaison Counsel.

IT IS SO ORDERED.

Dated: 10-20-09

UNITED STATES DISTRICT COURT